# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARVIN LEWIS DOLEMAN,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:12-cv-00203-KJD-VCF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases and on petitioner's motion (#1) for leave to file excess pages. The filing fee has been paid.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

### *Background*

Petitioner Marvin Doleman challenges his Nevada state conviction, pursuant to a jury verdict, of attempted murder with use of a deadly weapon, first-degree murder with use of a deadly weapon, and two counts of robbery with use of a deadly weapon. Doleman originally was sentenced, *inter alia*, to death on the murder charge.

The original judgment of conviction was filed on June 21, 1990. Prior to the April 26, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), petitioner

challenged the judgment of conviction and sentence on direct appeal and on state post-conviction review. On July 22, 1996, the Supreme Court of Nevada vacated the death sentence on state post-conviction review and remanded for a second penalty hearing.

On November 13, 1998, an amended judgment of conviction was entered with a sentence, *inter alia*, of consecutive life sentences without the possibility of parole on the conviction of first-degree murder with the use of a deadly weapon.

On March 17, 2000, the Supreme Court of Nevada denied relief on direct appeal from the amended judgment of conviction. The time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired ninety days later on Monday, June 15, 2000.

Nearly a decade later, on or about April 9, 2010, petitioner filed another state post-conviction petition. The state district court denied the petition as untimely and successive, and the Supreme Court of Nevada affirmed the dismissal on this basis on appeal. The remittitur issued on February 7, 2011.

Nearly a full year later, on or about February 3, 2012, petitioner mailed the present federal petition to the Clerk of this Court for filing.

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state petition is not "properly filed" and thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

In the present case, there were state proceedings challenging either the original or amended judgment of conviction pending continuously following the April 26, 1996, effective date of AEDPA through the March 17, 2000, state supreme court order denying relief following entry of the amended judgment of conviction and issuance of the remittitur. The federal one-year limitation period accordingly began running after the time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired ninety days later on Monday, June 15, 2000.

Thus, unless otherwise tolled or subject to delayed accrual, the federal limitation period expired one year later, on June 15, 2001.

The federal petition in this matter was not constructively filed until on or about February 3, 2012, more than a full decade after the federal limitation period already had expired, absent other tolling or delayed accrual.

The petition therefore is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S.___, ___, 130 S.Ct. 2549, 1085, 177 L.Ed.2d 130 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

1  Petitioner also is informed that, under certain circumstances, the one-year limitation
2 period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. §
3 2244(d)(1)(B), (C) & (D) & (d)(2).

4  Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim
5 of actual innocence, he must come forward with new reliable evidence tending to establish
6 his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him
7 guilty beyond a reasonable doubt, as to all of the charges pending against him in the case
8 prior to the plea. *See House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006);
9 *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Lee v.*
10 *Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

11  IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition.

12  IT FURTHER IS ORDERED that petitioner's motion (#1) for leave to file excess pages
13 is GRANTED.

14  IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner
15 shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as
16 time-barred. If petitioner does not timely respond to this order, the petition will be dismissed
17 with prejudice as time-barred without further advance notice. If petitioner responds but fails
18 to show – with specific, detailed and competent evidence – that the petition is timely, the
19 action will be dismissed with prejudice.

20  IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response
21 to this show cause order must be detailed, must be specific as to time and place, and must
22 be supported by competent evidence. The Court will not consider any assertions of fact that
23 are not specific as to time and place, that are not made pursuant to a declaration under
24 penalty of perjury based upon personal knowledge, and/or that are not supported by
25 competent evidence filed by petitioner in the federal record. Petitioner thus must attach
26 copies of all materials upon which he bases his argument that the petition should not be
27 dismissed as untimely that are not already of record in the federal suit record. Unsupported
28 assertions of fact will be disregarded.

-4-

1    IT FURTHER IS ORDERED that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.

DATED: March 2, 2012

_____
KENT J. DAWSON
United States District Judge