1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8   MARVIN LEWIS DOLEMAN,

9        *Petitioner*,                          2:12-cv-00203-KJD-VCF

10  vs.                                         ORDER

11

12  DWIGHT NEVEN, *et al.*,

13       *Respondents*.

14

15        This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's response to

16  the court's order to show cause as to why the petition should not be dismissed as time-barred (#9).  As

17  discussed below, this petition must be dismissed as untimely.

18  **I. Background**

19        Petitioner Marvin Doleman challenges his Nevada state conviction, pursuant to a jury verdict,

20  of attempted murder with use of a deadly weapon, first-degree murder with use of a deadly weapon, and

21  two counts of robbery with use of a deadly weapon.  During a ten-day period in January 1990, petitioner

22  was involved in the robbery and shooting of two Las Vegas cab drivers.  *Id*. at  43.  This court's order

23  to show cause described how, unless otherwise tolled or subject to delayed accrual, the federal

24  limitation period expired on June 15, 2001 (#6, p. 2).  However, the petition in this matter was not

25  constructively filed until on or about February 3, 2012, more than a full decade after the federal

26  limitation period had expired, absent other tolling or delayed accrual.  Thus, the petition is untimely on

27  its face.

28

**II. Discussion**

In his response to the show-cause order, petitioner argues that, under *Schlup v. Delo*, 513 U.S. 298 (1995), his actual innocence should permit him to avoid the time bar (#9, p. 3). He argues that he presents newly discovered evidence: 1) an affidavit from the "actual shooter;" 2) new law or rule of law concerning the standard for aiding and abetting; and 3) that the first degree murder jury instruction regarding implied malice and premeditation were improper. *Id*. He claims that he would not have been found guilty in light of new evidence in the form of his co-defendant's confession to being the shooter in both robberies and his sworn statement that petitioner did not participate in the shootings. *Id*.

Petitioner attaches what appears to be the sworn statement of his co-defendant, Frederick Paine (#9, p. 12). Paine states that he "rightfully" pled guilty to the shooting death of one victim and the shooting of the other, that petitioner did not participate in either shooting, and that petitioner did not force him to "do any of the events that occurred that led to my incarceration." *Id.*

With respect to the jury instruction, petitioner attaches the June 1991 Nevada Supreme Court order affirming his judgment of conviction (#9, p. 43). In affirming the denial of petitioner's second state postconviction petition, the Nevada Supreme Court noted that petitioner's first-degree murder conviction was charged as open murder and the State presented multiple theories, including felony murder (Case No. 56399, Order of Affirmance, dated January 13, 2011). The Court observed that because the murder was committed during the course of a robbery and appellant was convicted of robbery, any issues relating to the jury instructions for premeditation and deliberation would be rendered harmless as petitioner's actions met the definition of first-degree murder. *Id*. citing *Payne v. State*, 406 P.2d 922, 924 (1965).

Petitioner also argues that the Nevada Supreme Court announced a new standard for aiding and abetting. *Sharma v. State*, 56 P.3d 868 (Nev. 2002). First, petitioner did not file his second state postconviction petition, in which he raised the court's decision in *Sharma*, until seven years after the *Sharma* decision. He offers no explanation whatsoever for this delay. Second, *Sharma* clarified that, in Nevada, for a person to be held accountable for the specific intent crime of another under an aiding or abetting theory of principal liability, the aider or abettor must have knowingly aided the other person with the intent that the other person commit the charged crime. *Sharma*, 56 P.3d at 872. Again,

1   petitioner was convicted of robbery, and the murder was committed during the course of a robbery.

2   Petitioner's argument regarding the standard for aiding and abetting–while not entirely clear–does not

3   permit him to avoid the felony murder rule.

4        As to petitioner's actual-innocence claim, including his specific claim that he actually took no

5   part in the second robbery/murder, a federal habeas petitioner may overcome the expiration of the

6   AEDPA statute of limitations by making a showing of actual innocence, allowing the court to review

7   the petition on the merits. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013); *see also Lee v.*

8   *Lampert*, 653 F.3d 929 (9th Cir. 2011). When an otherwise time-barred habeas petitioner "presents

9   evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless

10   the court is also satisfied that the trial was free of non-harmless constitutional error," the court may

11   consider the petition on the merits. *See Schlup v. Delo*, 513 U.S. 298 (1995). Under *Schlup*, a

12   petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing

13   "new reliable evidence [of innocence] – whether it be exculpatory scientific evidence, trustworthy

14   eyewitness accounts, or critical physical evidence – that was not presented at trial," *Schlup*, 513 U.S.

15   at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted

16   him in light of the new evidence." *Id*. at 327. The *Schlup* standard permits review only in the

17   "extraordinary" case. *Id.* at 324. The Supreme Court has cautioned that "tenable actual-innocence

18   gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold

19   requirement unless he persuades the district court that, in light of the new evidence, no juror, acting

20   reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513

21   U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard

22   is demanding and seldom met).

23        Here, while not entirely clear, it appears that petitioner has all along taken the position, including

24   at his trial, that he took no part in the second robbery/murder. Petitioner offers the affidavit of his co-

25   defendant as his newly-discovered evidence of actual innocence. However, his co-defendant states only

26   that the co-defendant was the shooter in both robberies and that petitioner did not coerce him to shoot

27   anyone. Absent from the affidavit is any statement that petitioner was not involved in the second

28   robbery. Petitioner does not argue nor present any documentation that he has new, exculpatory

evidence.  As such, petitioner has failed to present any credible evidence of actual innocence.  He has not come forward with new reliable evidence tending to establish his innocence, that is, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt as to all of the charges pending against him in the case prior to the plea.  *See House v. Bell*, 547 U.S. 518 (2006).  Therefore, his federal petition is untimely, he has proffered no basis for tolling of the limitation period, and the petition must be dismissed as time-barred.

**III.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

**IT THEREFORE IS ORDERED** that petitioner's federal habeas petition is **DISMISSED** with prejudice as time barred.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated this _____4_____ day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE